SEWELL L. AVERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76053, 78474. Promulgated July 16, 1935.

*Leland K. Neeves, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, for the respondent.

OPINION.

SMITH: These proceedings involve deficiencies in petitioner's income tax for the calendar years 1930 to 1932, inclusive, as follows:

| Docket No. | Year | Deficiency |
| --- | --- | --- |
| 76053 | 1930 | $14,980.23 |
| Do | 1931 | 1,507.14 |
| 78474 | 1932 | 32,724.79 |

The parties have submitted a written stipulation settling all but one of the issues raised in the petitions and answers and setting forth all of the material facts. The one remaining issue, which is common to all three years, is whether the statutory 15 percent limitation on charitable contributions is to be computed on the entire net income or on the ordinary net income without deduction of capital net losses.

The stipulated facts relevant to this issue may be summarized as follows:

During the years 1930 to 1932, inclusive, the petitioner's total net income, exclusive of capital net losses, his capital net losses, and charitable contributions were as follows:

| Year | Net income | Capital net losses | Charitable contributions |
| --- | --- | --- | --- |
| 1930 | $156,812.46 | $128,299.35 | $86,937.79 |
| 1931 | 393,194.85 | 199,059.58 | 105,236.35 |
| 1932 | 377,799.79 | 797,717.89 | 54,921.34 |

The sole question here in issue has been determined by the Board in *James H. Lockhart*, 32 B. T. A. 732, after the submission of these proceedings. We there held, upon authority of *Helvering* v. *Bliss* and *Helvering* v. *Harbison*, 293 U. S. 144, that capital net losses as well as capital net gains are to be included in ascertaining the net income upon which the 15 percent limitation on charitable contributions is to be computed. For reasons therein stated, we so hold in these proceedings.

*Judgment will be entered under Rule 50.*